IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN E. BARRY<br>7119 Chatsworth Court<br>University Park, FL 34201,<br><br>                    Plaintiff,<br><br>v.<br><br>RACING EXPRESSIONS LLC<br>3507 W. Stetson Avenue<br>#219<br>Hemet, CA 92545<br><br>                    Defendant | CIVIL ACTION<br><br>No.  3:23-236<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW COMES Plaintiff John E. Barry, by and through his undersigned counsel, Barley Snyder LLP, and hereby files this Claim against Defendant Racing Expressions LLC and in support thereof, avers as follows:

### NATURE OF THE ACTION

1. This is an action for breach of contract arising from Defendant's failure to make payments or furnish a full accounting under two contracts.

### PARTIES

2. Plaintiff John E. Barry ("Barry") is an adult individual and citizen of the state of Florida and was a citizen of Pennsylvania with an address of 1591 Mission Road, Lancaster, PA 17601 at the time he conducted the business transactions with Defendant Racing Expressions, LLC.

3. Defendant Racing Expressions LLC ("Racing Expressions") is a California entity with a principal place of business at 3507 W. Stetson Avenue #219, Hemet, CA 92545.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332.

5. This Court has personal jurisdiction over Racing Expressions because the breaches of contract Barry alleges against Racing Expressions arise out of, or are related to, contracts solicited from Plaintiff while located in Pennsylvania and while Plaintiff was a Pennsylvania citizen.

6. Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) because Racing Expressions solicited the investments identified in the contracts from a Pennsylvania citizen while in Pennsylvania, entered into multiple agreements with a Pennsylvania citizen, and promised to pay guaranteed rates of return to a Pennsylvania citizen.

## FACTS

7. Barry incorporates by reference, as if fully set forth herein, the facts and allegations set forth in the foregoing paragraphs.

8. In late September 2021, Steve McPherson ("McPherson") met Barry in Johnstown, Pennsylvania and solicited his investment in the business of Racing Expressions while physically present in Pennsylvania.

9. McPherson was acting as an authorized agent of Racing Expressions while he solicited Barry's investment in Racing Expressions.

10. Subsequently, on December 19, 2021, Barry and Racing Expressions entered into a contract ("Yearling Contract") in which Barry contributed $162,500 towards the purchase of three yearlings. The Yearling Contract expressly acknowledges that Racing Expressions was

contracting with a Pennsylvania resident. A true and correct copy of the Yearling Contract is attached here as Exhibit A.

11. The Yearling Contract specified that Barry would receive a guaranteed rate of return of 12% on his $162,500 investment, totaling $19,500, or a minimum payment of $182,000, with the possibility to earn more depending on the amount of profit earned upon the sale of the yearlings. *See*, Ex. A.

12. Pursuant to the Yearling Contract, the horses were to be sold by September 15, 2022, at the latest.

13. McPherson verbally confirmed to Barry in November of 2022 that Racing Expressions had sold the horses covered by the Yearling Contract for over $535,000.

14. To date, Barry has not received any payment under the Yearling Contract or any information about the profits derived from selling the three yearlings identified in that contract.

15. On January 4, 2022, Barry and Racing Expressions entered into a second contract in which Barry contributed $55,000 towards the purchase of two colt horses (the "Colt Contract"). The Colt Contract expressly acknowledges that Racing Expressions is contracting with a Pennsylvania resident. A true and correct copy of the Colt Contract is attached here as Exhibit B.

16. The Colt Contract specified that Barry would receive a guaranteed total payment in the amount of $70,000 on or before March 20, 2022.

17. To date, Barry has not been paid under the Colt Contract.

18. Notably, Barry received two checks from Racing Expressions on November 15, 2022 which together totaled $70,000, however, upon deposit the bank indicated that there were insufficient funds in Racing Expressions' bank account to cover the payments.

19. Upon information and belief, McPherson, the authorized agent of Racing Expressions, has a history of criminal convictions involving investment fraud and bad checks beginning in 1997.

20. Upon information and belief, Barry believes McPherson sent the two checks on behalf of Racing Expressions knowing that bank account lacked funds to complete the payments.

21. On July 14, 2023, Barry sent a demand letter via certified mail to Racing Expressions demanding a full accounting of the amounts owed pursuant to the Yearling Contract and Colt Contract.

22. As part of that accounting, Barry is entitled, at a minimum, to information regarding the sale price for the horses, date(s) of sale, buyer(s), and expenses attributed to the Yearling Contract and the Colt Contract.

23. Barry has suffered damages of at least $252,000, plus additional amounts to be determined by an accounting of additional amounts owed pursuant to the contracts.

## COUNT I – BREACH OF CONTRACT
### Yearling Contract

24. Barry incorporates by reference, as if fully set forth herein, the facts and allegations set forth in the foregoing paragraphs.

25. Pursuant to the Yearling Contract, Racing Expressions was required to pay Barry a minimum payment of $182,000 when the Yearlings were sold.

26. Racing Expressions sold the horses described in the Yearling Contract in late 2022 but failed to make any payments or provide any documentation relating to the sales.

27. Racing Expressions failed to pay Barry the minimum $182,000 payment required by the Yearling Contract and has not paid Barry the money promised in the Yearling Contract.

28. Racing Expressions has failed to furnish any documents in connection with the Yearling Contract concerning the sale amounts or expenses incurred.

29. Racing Expressions has breached the Yearling Contract and Barry is entitled to judgment for the amounts owed pursuant to that contract.

WHEREFORE, Barry respectfully requests that this Honorable Court enter judgment in favor of Barry and against Racing Expressions on Count I of this Complaint for damages in excess of $182,000, plus interest, costs of suit, attorneys' fees and such other relief as this Honorable Court may deem just and proper.

### COUNT II – BREACH OF CONTRACT
### Colt Contract

30. Barry incorporates by reference, as if fully set forth herein, the facts and allegations set forth in the foregoing paragraphs.

31. Pursuant to the Colt Contract, Racing Expressions was required to pay Barry a minimum payment of $70,000.

32. The Colt Contract promised that Barry would receive a guaranteed total payment in the amount of $70,000 on or before March 20, 2022.

33. Racing Expressions has breached the Colt Contract and Barry is entitled to judgment for the amounts owed pursuant to that contract.

### CLAIM FOR RELIEF

WHEREFORE, Plaintiff John E. Barry demands judgment in his favor and against Racing Expressions LLC as follows:

   a. A judgment against Racing Expressions based on Count I of this Complaint for damages in excess of $182,000.00 plus interest, costs of suit, and attorneys' fees;

b.  A judgment against Racing Expressions based on Count II in the amount of $70,000.00 plus interest, costs of suit, and attorneys' fees;

c.  An accounting of damages and amounts owed beyond the minimum payments required by the Yearling Contract and Colt Contract; and

d.  Such other relief as the Court deems fair and appropriate.

BARLEY SNYDER LLP

Date: September 29, 2023

By: */s/ Matthew M. Hennesy*
Matthew M. Hennesy, Esquire
PA 302070
mhennesy@barley.com
126 East King Street
Lancaster, PA 17602
717-399-1579
*Attorneys for Plaintiff John E. Barry*